| Summons | CIVIL DOCKET NO.<br>2384CV00398 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br>Sentinel Insurance Company, Ltd. as subrogee of the Assembly of Christians Gospel Hall Association<br>Plaintiff(s)<br>vs.<br>Broan - Nutone LLC<br>Defendant(s) | | John E. Powers, III, Acting Clerk of Courts<br>Suffolk Superior Civil, County<br>COURT NAME & ADDRESS:<br>Three Pemberton Square<br>Boston, MA. 02108 |

THIS SUMMONS IS DIRECTED TO _Broan - Nutone LLC_ (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the _Suffolk Superior_ Court.
**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

**2. How to Respond.**
To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

    a) Filing your **signed original** response with the Clerk's Office for Civil Business, _Suffolk Superior_ Court _Three Pemberton Square 12th Floor Boston, MA 02108_ (address), by mail, in person, or electronically through the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

    b) Delivering or mailing **a copy** of your response to the Plaintiff's attorney/Plaintiff at the following address: _John E. O'Brien, Jr., Esq. Robinson & Cole LLP One Boston Place, 25th Floor Boston, MA 02108_

**3. What to Include in Your Response.**
An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

3-16-23

**3. (cont.)** Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure**. If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings.**

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi E. Brieger , Chief Justice on _____ , 20____ . (Seal)

Acting Clerk _____

**Note:** The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

---

PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ , I served a copy of this Summons, together with a copy of the Complaint in this action, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

_____
_____
_____

Dated: _____        Signature: _____

**N.B. TO PROCESS SERVER:**
**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

Date:

rev. 7/2022

THE COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT

**SUFFOLK, ss.**                                       **SUPERIOR COURT DEPARTMENT**
                                                      **CIVIL ACTION NO.**

| | |
|---|---|
| SENTINEL INSURANCE COMPANY, LTD. )<br>as subrogee of the )<br>Assembly of Christians Gospel Hall Association )<br>  )<br>Plaintiff, )<br>v.   )<br>  )<br>BROAN-NUTONE LLC, )<br>Defendant. ) | |

## COMPLAINT AND JURY DEMAND

1. Plaintiff Sentinel Insurance Company, Ltd. ("The Hartford") is a Connecticut corporation with a principal place of business at One Hartford Plaza, Hartford, Connecticut.

2. Defendant Broan-Nutone LLC is a Delaware limited liability corporation with a principal place of business at 926 W. State Street, Hartford, Wisconsin.

## FACTS

3. At all times relevant to this action, The Hartford insured the Assembly of Christians Gospel Hall Association (the "Church"), including its church, the Bethany Gospel Chapel, a three-story building located at 62 Lindsey Lane, Swansea, Massachusetts.

4. On April 24, 2020, a fire occurred in a second story restroom.

5. The cause of the fire was a ventilation fan manufactured by Broan-Nutone LLC.

6. The Swansea Fire Department responded and extinguished the fire.

7. The building suffered smoke and water damage.

8. The Church suffered property damage and other expenses as a result of the incident.

26214691-v2

9. The Hartford indemnified the Church for its damages pursuant to its insurance contract.

## COUNT I – BREACH OF IMPLIED WARRANTIES

10. The plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint.

11. Broan-Nutone manufactured, sold, distributed or otherwise placed in the stream of commerce the ventilation fan.

12. Broan-Nutone impliedly warranted that the product was merchantable, fit, suitable and safe for the ordinary purposes of providing ventilation.

13. Broan-Nutone breached its implied warranties because the product was defectively designed and/or manufactured in a manner that caused it to catch fire.

14. Broan-Nutone breached its implied warranties by failing to adequately test and/or inspect the product before its sale.

15. Broan-Nutone breached its implied warranties by failing to provide adequate instructions and/or warnings with the product.

16. Broan-Nutone breached its implied warranties by failing to issue a post-sale warning about the product's fire hazards.

17. The defects in the design and/or manufacture existed at the time the product was sold and were a proximate cause of the Church's damages.

18. The Church suffered property damage and other expenses as result of the fire.

19. The Hartford is subrogated to the Church's claims against Broan-Nutone.

## COUNT II
### (Negligence)

20. The plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint.

21. Broan-Nutone had a duty to exercise reasonable care in its manufacture, sale, distribution and/or activities in placing the ventilation fan in the stream of commerce.

22. Broan-Nutone breached its duty of care and was negligent because the product was defectively designed and/or manufactured in a manner that caused it to catch fire.

23. Broan-Nutone breached its duty of care and was negligent by failing to adequately test and/or inspect the product for defects before its sale.

24. Broan-Nutone breached its duty of care and was negligent by failing to provide adequate instructions and/or warnings with the product.

25. Broan-Nutone breached its duty of care and was negligent by failing to issue a post-sale warning about the product's fire hazards.

26. Broan-Nutone's negligence was a proximate cause of the Church's damages.

27. The Church suffered property damage and other expenses as result of the fire.

28. The Hartford is subrogated to the Church's claims against Broan-Nutone.

## COUNT III
### (Chapter 93A)

29. The plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint.

30. Broan-Nutone committed an unfair and deceptive act in violation Massachusetts General Laws chapter 93A, §§ 2 and 11, by breaching its implied warranties in the design,

3

manufacture, sale, distribution and/or activities in placing a defective product in the stream of commerce.

31. Broan-Nutone knew the product was defective and committed an unfair and deceptive act in violation Massachusetts General Laws chapter 93A, §§ 2 and 11, by failing to recall or issue post-sale warnings about the product's fire hazards.

32. Broan-Nutone's violations of Chapter 93A were a proximate cause of the Church's damages.

33. The Church suffered property damage and other loss as result of the incident.

34. The Hartford is subrogated to the Church's claims against Broan-Nutone.

WHEREFORE, the plaintiff respectfully requests that this Honorable Court:

1. Enter judgment against defendant Broan-Nutone on Counts I, II and III of this Complaint and award the plaintiff damages, interest and costs;

2. Grant such further relief as may be equitable and just.

## JURY DEMAND

In accordance with Mass.R.Civ.P. 38(b), the plaintiff demands a jury trial on all claims so triable.

**SENTINEL INSURANCE COMPANY, LTD.**
as subrogee of the
**Assembly of Christians Gospel Hall Association**

*John E. O'Brien, Jr.*
_____
John E. O'Brien, Jr., BBO#640982
**ROBINSON & COLE LLP**
One Boston Place, 25th Floor
Boston, MA 02108-4404
Tel (617) 557-5900
jobrien@rc.com

DATED: February 14, 2023

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| | | COUNTY Suffolk Superior Court (Boston) |

| Plaintiff | Sentinel Insurance Company, Ltd. a/s/o the Assembly of Christians Gospel Hall Association | Defendant: | Broan-Nutone LLC |
|---|---|---|---|
| ADDRESS: | One Hartford Plaza | ADDRESS: | 926 W. State Street |
| | Hartford, CT 06115 | | Hartford, WI 53027 |
| | | | |
| Plaintiff Attorney: | John E. O'Brien, Jr., Esq. | Defendant Attorney: | |
| ADDRESS: | Robinson & Cole LLP | ADDRESS: | |
| | One Boston Place, 25th Floor | | |
| | Boston, MA 02108 | | |
| BBO: | 640982 | BBO: | |

**TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B05 | Products Liability | A | ☒ YES ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A? ☒ YES ☐ NO          Is there a class action under Mass. R. Civ. P. 23? ☐ YES ☒ NO

**STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

**TORT CLAIMS**

A. Documented medical expenses to date
   1. Total hospital expenses
   2. Total doctor expenses
   3. Total chiropractic expenses
   4. Total physical therapy expenses
   5. Total other expenses (describe below)

                                                                                      Subtotal (1-5):         $0.00

B. Documented lost wages and compensation to date
C. Documented property damages to date                                                                $900,000.00
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages
F. Other documented items of damages (describe below)

                                                                                      TOTAL (A-F):    $900,000.00

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Self-Represented Plaintiff: X  *John E. O'Brien, Jr.*          Date: February 14, 2023

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION UNDER S.J.C. RULE 1:18(5)**

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney: X  *John E. O'Brien, Jr.*          Date: February 14, 2023

# CIVIL ACTION COVER SHEET INSTRUCTIONS —
## SELECT A CATEGORY THAT BEST DESCRIBES YOUR CASE*

### AC Actions Involving the State/Municipality †*

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA,etc. | (A) |

### CN Contract/Business Cases

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A05 Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

* See Superior Court Standing Order 1-88 for an explanation of the tracking deadlines for each track designation: F, A, and X. On this page, the track designation for each case type is noted in parentheses.

†* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

‡ Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c. 231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party ‡

| | |
|---|---|
| PA1 Contract Action involving an Incarcerated Party | (A) |
| PB1 Tortious Action involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (F) |
| PE1 Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death - Non-medical | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| | |
|---|---|
| S01 Summary Process - Residential | (X) |
| S02 Summary Process - Commercial/ Non-residential | (F) |

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

### RP Real Property

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10, § 28 | (X) |

### AB Abuse/Harassment Prevention

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E94 Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 SDP Petition, G.L. c. 123A, § 9(b) | (X) |

### RC Restricted Civil Actions

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112, § 12S | (X) |

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES  ☐ NO |

## STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** — On the face of the Civil Action Cover Sheet (or on attached additional sheets, if necessary), the plaintiff shall state the facts on which the plaintiff relies to determine money damages. A copy of the completed Civil Action Cover Sheet, including the statement concerning damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT** — If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with the defendant's answer a statement specifying the potential damages which may result if the plaintiff prevails.

**A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.**
**IF THIS COVER SHEET IS NOT FILLED OUT THOROUGHLY AND**
**ACCURATELY, THE CASE MAY BE DISMISSED.**

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 2384CV00398 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Sentinel Insurance Company Ltd vs. Broan-Nutone LLC | | John E. Powers III, Acting Clerk of Court Suffolk County Civil |
| TO: John E O'Brien, Jr., Esq. Robinson and Cole One Boston Place 25th Floor Boston, MA 02108 | | COURT NAME & ADDRESS Suffolk County Superior Court - Civil Suffolk County Courthouse, 12th Floor Three Pemberton Square Boston, MA 02108 |

## TRACKING ORDER - A - Average

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**                **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 05/15/2023 | |
| Response to the complaint filed (also see MRCP 12) | | 06/14/2023 | |
| All motions under MRCP 12, 19, and 20 | 06/14/2023 | 07/14/2023 | 08/14/2023 |
| All motions under MRCP 15 | 04/09/2024 | 05/09/2024 | 05/09/2024 |
| All discovery requests **and depositions** served and non-expert depositions completed | 02/03/2025 | | |
| All motions under MRCP 56 | 03/05/2025 | 04/04/2025 | |
| Final pre-trial conference held and/or firm trial date set | | | 08/04/2025 |
| Case shall be resolved and judgment shall issue by | | | 02/13/2026 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 02/14/2023 | ASSISTANT CLERK Philip Drapos | PHONE (617)788-8144 |
|---|---|---|

Date/Time Printed: 02-14-2023 11:11:54                                            SCV026\ 08/2018